IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:09-CR-3112 |
| vs. | |
| JOSE MANUEL AVALOS BANDERAS, | ORDER |
| Defendant. | |

The defendant has moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 175. That section permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

The Court will deny the defendant's motion. The basis for the motion, in its entirety, is that

> before this motion the PATTERN SCORE system implemented by the DOJ did not exist and the status of lower recidivism wasnt [sic] available to this petitioner, and most important the Amendment to the sentencing guidelines (828) [sic] Youthful Individuals is a new change in law that was not available at the time.

Filing 175 at 6; *see also* filing 175-1 at 1-2.

But an amendment to the Sentencing Guidelines can't help the defendant—§ 1B1.13(b)(6) is quite clear that only a change in the law "*other than an amendment to the Guidelines Manual that has not been made retroactive*" can support a compassionate release motion. *Id.* (emphasis supplied). And in any event, the section the defendant relies on, U.S.S.G. § 5H1.1, see filing 175-1 at 2, was amended by U.S.S.G. Amend 829 effective November 1, 2024, but deleted by U.S.S.G. Amend. 836 effective November 1, 2025. Neither amendment was retroactive. *See* U.S.S.G. § 1B.10(d).

Nor does the availability of the PATTERN risk assessment tool help. PATTERN stands for "Prisoner Assessment Tool Targeting Estimated Risk and Needs," and measures offenders' criminal risk factors and specific needs to predict the likelihood that a person in federal prison will re-offend upon release. *See United States v. DeCaro*, No. 1:96-CR-5, 2022 WL 4395905, at \*1 n.1 (E.D. Mo. Aug. 23, 2022), *aff'd,* No. 22-3004, 2022 WL 19702639 (8th Cir. Nov. 29, 2022). But it's simply a tool for addressing the risk of a defendant's further crimes, which is and always has been a consideration for a sentencing court. *See* § 3553(a)(2)(C).

In other words, an argument that the defendant's sentence should be reduced because he's unlikely to reoffend is either asking the Court to reconsider the determination it made at sentencing, or asking the Court reconsider the sentence in light of post-sentence rehabilitation. But neither can support a sentence reduction pursuant to § 3582(c)(1)(A). *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) ("[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy"); 28 U.S.C. § 994(t) ("[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction). Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 175) is denied.

Dated this 13th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 3 -